## FAILURE TO PROBATE WILL WITHIN THREE YEARS.

Common Pleas Court of Hamilton County.

C. Hammond Avery, Administrator, etc., v. Charles
F. Howard et al.

Decided, April, 1908.

*Wills—Authority of Administrator with Will Annexed to Sell Realty
—For Purposes of Distribution Land will be Regarded as Per-
sonalty, When—Will Set Aside more than Three Years after Death
of Testator—Earlier Will then Probated—Devisee who had Cus-
tody of Will not Debarred from Taking—Sections 5943 and 5986.*

1. Where a devisee of a share in real estate dies before distribution
   is made, the proceeds from a sale of the property go to his heirs
   as personalty and should be paid to his administrator.
2. H left two wills. The later one was probated within thirty days,
   and was contested, and after a lapse of more than three years
   was set aside. Immediately thereafter the beneficiary in whose
   custody both wills had been placed procured the probate of the
   earlier will. *Held:.* That the custodian of the will was not de-
   barred under Section 5943 from taking as a devisee under the
   second will by the fact that more than three years elapsed after
   the death of the testatrix before he offered it for probate.

*C. Hammond Avery,* for plaintiff.
*Harry R. Weber* and *D. Judson Starr,* contra.

Woodmansee, J.

The plaintiff is the administrator with the will annexed and
trustee of the estate of Lucy Howard, deceased. The said Lucy
Howard died on April 25, 1885, and by her will disposed of cer-
tain personal and real estate as follows:

"I give and bequeath all the rest and residue of my personal
estate after the payment of my just debts and charges and all the
foregoing legacies to Roswell F. Howard, upon trust, to place the
same at interest and from time to time to appropriate the inter-
est and income arising therefrom in such proportions as he may
judge expedient to the maintenance and support of Lucy F.
Welch during her natural life. I also give and devise my house
and lot where I now reside situate in College Hill in Hamilton

county, Ohio, to Roswell F. Howard in trust to take and receive during the natural life of Lucy F. Welch, the rents and profits therefrom, and therewith make all necessary repairs and pay all taxes and other necessary charges and expenses in and about the same and after such payments deducted shall as such times annually and in such proportions as he may judge expedient appropriate the residue of such rents and profits also to the maintenance and support of said Lucy F. Welch during her natural life.　Provided, nevertheless, that if the interest arising from such personal estate when invested as aforesaid together with the rents and profits of the real estate aforesaid shall prove insufficent for the comfortable maintenance and support of the said Lucy F. Welch my trustee aforesaid shall expend so much of the principal of my personal estate aforesaid as may be requisite for that purpose; and after the death of the said Lucy F. Welch shall sell and convey the real estate aforesaid for such price as he shall deem proper in fee simple, and the whole proceeds of the sale thereof together with all my personal estate then remaining unconsumed to distribute to Roswell F. Howard, Hiram N. Howard, Stephen F. Howard, Benjamin F. Howard, Lucy Pruden and Cyrus Howard equally, share and share alike.''

The beneficiary under that clause of the will, Lucy F. Welch, having died, and Roswell F. Howard, executor and trustee mentioned in the will, having also died, and the plaintiff being regularly appointed his administrator with the will annexed this court is now asked to determine, (1) has the said administrator with the will annexed power and authority under the will to sell the real estate described therein in fee simple; and (2) as a number of the persons mentioned in said will have died since the testatrix, leaving a widow and children, the court is asked to instruct the plaintiff as to whether the share bequeathed to each party should go as real estate or personal property.　If the latter, then the said share must be paid to the administrator or executor of such deceased party.

This court holds that the plaintiff has authority under the terms of the will to sell the said real estate without an order of the court.　Section 5986, Revised Statutes.

. This court also holds that the property should be distributed as personalty, following *Collier* v. *Grimsey*, 36 O. S., 17:

"Under the direction to sell, the land is to be regarded for the purpose of distribution as converted into money."

Under the clause of the will before us for construction neither of the parties mentioned are given a control or interest in the real estate, but rather a share of the personal property into which the trustee is directed to convert the real estate.

It is disclosed to the court that Roswell F. Howard, a son of Lucy Howard, one of the devisees under her will, had possession and control of the will under which her estate is divided for more than three years after her death and before it was offered for probate, and that he is therefore disqualified to receive any real estate devised to him under the will.

The statute under which this claim is made is Section 5943 of the Revised Statutes, which reads as follows:

"No lands, tenements or hereditaments shall pass to any devisee in a will, who shall know of the existence thereof, and have the same in his power and control, for a term of three years unless within that time he shall cause the same to be offered for or admitted to probate; and by such neglect the estate devised to such devisee shall descend to the heirs of the testator."

Hence because of this statute, the heirs at law of the testator claim the share of Roswell F. Howard.

The facts in the case are that Lucy Howard left two wills in the possession and control of her son, Roswell F. Howard. The last will was executed by her on the 17th day of March, 1885; the older will was executed November 2d, 1882. The latest will was probated within thirty days after the death of the testatrix. A suit was filed to contest that will by one of the sons of the testatrix and on the 30th day of April, 1891, a decree was entered in this court finding that such will was not the last will and testament of Lucy Howard. Thereupon, within three days, on May 2d, 1891, Roswell F. Howard probated the earlier will of Lucy Howard.

Now, it is claimed that for his delay in offering this will for probate that all the real estate devised to him by said will should be taken from him and given to the heirs at law of Lucy Howard.

The purpose and intent of Section 5943 is to aid in the prompt administration of the decedent's estate. It seems quite reasonable that a devisee under a will who wrongfully withholds it from probate for a term of three years and thereby retards the settlement of the estate and jeopardizes the interests of others who are provided for in the will should be punished therefor.

But this court is clearly of the opinion that Roswell F. Howard did just as a reasonable and prudent man should do under the circumstances. He had both wills in his possession and the older of the two wills was not the last will and testament of Lucy Howard, deceased, until that later will was set aside by decree of court. The court holds that it would have been improper to have filed both wills and besides the filing of both wills would not have facilitated the administration of the estate.

It is ordered that the proceeds of the estate bequeathed in that clause of the will quoted herein be distributed as personalty among the various persons mentioned in said clause or to the personal representatives of their estates.